IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KHALIFAH E.D. SAIF'ULLAH,          No. 2:02-cv-2664-MCE-DAD-P

     Petitioner,

  v.                                ORDER

TOM CAREY, ET AL.,

     Respondents.
_____/

    Petitioner, a state prisoner proceeding pro se,[1] has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

///

///

---

[1] Counsel was substituted in for the pro se petitioner on July 27, 2005, but was relieved as counsel of record on August 2, 2005.

On June 28, 2005, the magistrate judge filed findings and
recommendations herein which were served on all parties and which
contained notice to all parties that any objections to the
findings and recommendations were to be filed within twenty days.
Respondent filed timely objections to the findings and
recommendations, and the pro se petitioner filed a timely reply
to the objections.

In accordance with the provisions of 28 U.S.C.
§ 636(b)(1)(C) and Local Rule 72-304, this court has conducted a
de novo  review of this case.  Having carefully reviewed the
entire file, the court rejects the magistrate judge's
recommendation that Petitioner's application for writ of habeas
corpus be granted on due process grounds, but finds the findings
and recommendations to otherwise be supported by the record and
by proper analysis.  During the course of the Board of Prison
Terms' July 12, 2000 parole consideration hearing, at which time
Petitioner was found not suitable for parole, the presiding
commissioner cited most prominently the fact that Petitioner's
commitment offense was "carried out in a dispassionate and
calculated manner... which demonstrates an exceptionally callous
disregard for human suffering."  (See Findings and
Recommendations, p. 14)   The commissioner went on to cite the
specifics of the underlying offense for which Petitioner was
convicted, kidnapping for ransom with use of a firearm.  In
addition, the commissioner further cited, in denying parole,
Petitioner's previous criminal record with its history of violent

1  or assaultive behavior and Petitioner's escalating pattern of

2  criminal conduct.  (Id.)  Finally, the commissioner cited

3  fourteen rule violation reports received by Petitioner over the

4  course of his twenty years in state prison,[2] although specific

5  reference was made only to a rule violation report issued on

6  September 19, 1998 relating to grooming standards.  The Board of

7  Prison Terms consequently based its decision that Petitioner

8  continued to pose an unreasonable risk of danger to society, or a

9  threat to public safety if released from prison, 1) on the nature

10 of Petitioner's commitment offense; 2) on his pre-conviction

11 criminal record and unstable social history; and 3) on

12 Petitioner's misconduct while incarcerated.

13      The magistrate judge found, in recommending that parole be

14 granted, that the Board's decision to deny parole was "not

15 supported by any evidence bearing indicia of reliability."

16 (Findings and Recommendations, 25:8-9).  Citing Biggs v.

17 Terhune, 334 F.3d 910, 917 (9th Cir. 2003), the magistrate judge

18 explained that the Board's continued reliance on the unchanging

19 factors of Petitioner's commitment offense and conduct prior to

20 his current imprisonment runs contrary to the rehabilitative

21 goals espoused by the prison system and consequently constitutes

22 a due process violation entitling Plaintiff to habeas relief.

23 (Id. at 25:3-7).

24 _____

25      [2]These violations stemmed from conduct ranging from
   possession of inmate manufactured alcohol and trafficking of
   narcotics to failure to report to job assignments and resisting
26 staff.

1    While the Biggs decision did note, in dicta,[3] that denying a
2  prisoner parole based only upon the nature of his offense and his
3  prior conduct would raise "serious questions" involving the
4  prisoner's liberty interest in parole, and "could result" in a
5  due process violation (Id. at 916-17), the Ninth Circuit recently
6  revisited this issue more definitively in Sass v. Cal. Bd. of
7  Prison Terms, 2006 WL 2506393, at *4 (9th Cir. Aug. 31, 2006).
8  The Sass court noted that denial of parole is justified if "there
9  is any evidence in the record that could support the conclusion
10  reached by the disciplinary board," and explained that "the some
11  evidence standard is minimal."   Id., citing Superintendent v.
12  Hill, 472 U.S. 445, 455-56 (1985).   Sass went on to observe that
13  the Board based its finding that Sass was unsuitable for parole
14  on the gravity of his convicted offenses in combination with his
15  prior offenses, and stated unequivocally that "[t]hese elements
16  amount to some evidence to support the Board's determination(to
17  deny parole)."   Id.
18  //
19  //
20  //
21  //
22  //
23  //
24

25    [3]The Biggs court ultimately affirmed the denial of habeas
   relief on grounds that the Board's decision in that case was
26  indeed supported by "some evidence".   Id.

In the wake of <u>Sass</u>, this Court cannot agree with the magistrate judge's determination discounting Petitioner's conviction offense, and his prior criminal and social history, as evidence lacking any indicia of reliability.  Instead, the Board's reliance on those factors here is no different than the Board's reliance on similar factors in <u>Sass</u> that were found to uphold denial of parole.

Accordingly, IT IS HEREBY ORDERED that:

1.  The findings and recommendations, filed June 28, 2005, are rejected with respect to the magistrate judge's conclusion that the Board's denial of parole to Petitioner violated due process.  Said findings and recommendations, however, are otherwise adopted in full, including the magistrate judge's recommendation that Petitioner's other asserted grounds for relief be denied;

2.  Petitioner's application for a writ of habeas corpus is denied.

DATED: September 29, 2006

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE